IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTIAN M. GRUBER,

                  Plaintiff,

v.                                               CASE NO. 21-3186-SAC

CHRISTOPHER WECKER, et al.,

                  Defendants.

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Christian M. Gruber is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this consolidated action should not be dismissed due to the deficiencies in Plaintiff's consolidated Complaints that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff originally filed these cases *pro se* in the Osage County District Court. Defendants removed both actions to this Court under 28 U.S.C. §§ 1441 and 1446.

Although the KDOC website reflects that Plaintiff is currently incarcerated at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas,[1] the events giving rise to Plaintiff's consolidated Complaint appear to have taken place during his detention at the Osage County Jail in Lyndon, Kansas ("OCJ"). In one Complaint, Plaintiff claims "[Defendant] is showing deliberate indifference to [Plaintiff]'s medical needs and health and safety and not following doctors orders." Case No. 21-3186, ECF No. 1, at 1. In the other Complaint, Plaintiff states that he is "being denied

---

[1] According to the Kansas Adult Supervised Population Electronic Repository ("KASPER"), Plaintiff was transferred to the EDCF on July 15, 2021. *See* https://kdocrepository.doc.ks.gov/kasper/.

access to the courts" . . . because OCJ officials are "not providing [him] with access to a law library." Case No. 21-3187, ECF No. 1, at 2.

Plaintiff names as Defendants Christopher Wecker; Chris Wells, Sheriff of Osage County, Kansas; and Gerry Nichter, Jail Administrator. Plaintiff states that he seeks to be "discharged from the unlawful portion of his imprisonment."

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Section "1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee." *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000); *see also Martin v. Scott,* 156 F.3d 578, 579–80 (5th Cir. 1998) (finding that the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, officers, and employees, regardless whether the prisoner is proceeding *in forma pauperis*). The independent duty to screen prisoner complaints therefore extends to prisoner actions that have been removed from state court. *See Duff v. Yount,* 51 F. App'x. 520, 521 (6th Cir. 2002) (screening removed prisoner action under §§ 1915(e) and 1915A). Accordingly, the Court will screen Plaintiff's Complaint under § 1915A. The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48

(1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v.*

3

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  DISCUSSION

#### 1.  Not a Habeas Corpus Action

When Plaintiff filed both cases in state court, he titled each a "Petition for Writ of Habeas Corpus." However, these are not habeas actions. A petition for habeas corpus relief is appropriate where a prisoner is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, Plaintiff alleges deliberate indifference to his medical needs and denial of access to the courts. These are claims based on the conditions of his confinement at the OCJ and are therefore civil rights claims. While Plaintiff states in both Complaints that he seeks to be "discharged from the unlawful portion of his imprisonment," neither Complaint provides any basis for finding his imprisonment is "unlawful."

### 2.  Failure to State a Claim of Deliberate Indifference to Medical Needs

The sum-total of Plaintiff's allegation related to his medical care is that "[Defendant] is showing deliberate indifference to [Plaintiff]'s medical needs and health and safety and not following doctors orders."  Plaintiff does not explain what the defendant did to him, when the defendant did it, how the defendant's action or inaction harmed him, and what specific legal right he believes the defendant violated.  *Nasious*, 492 F.3d at 1163.  As a result, he utterly fails to state an actionable claim.

Absent amendment of the Complaint to provide a sufficient factual basis to establish a viable claim of constitutional significance, Plaintiff's inadequate medical care claim is subject to being summarily dismissed.

### 3.  Failure to State a Claim of Denial of Access to the Courts

It is well-established that a prisoner has a constitutional right of access to the courts.  However, it is equally well-settled that in order "to present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions."  *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998)(citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996)("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").  An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim.  *Lewis*, 518 U.S. at 351-53.

To state a denial of access claim due to lack of legal resources, the inmate must allege something more than that the prison's or jail's law library or legal assistance program is inadequate.  He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him

"actual injury." *Lewis*, 518 U.S. at 348, 350.  In order to satisfy the actual injury requirement, the plaintiff must show that, by denying plaintiff access to the law library, prison officials frustrated or impeded the plaintiff's ability to file or litigate a non-frivolous action.  *Id.* at 351, 354–55; *see Faircloth v. Schwartz*, 2014 WL 446663 (D. Colo. Sept. 10, 2014); *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998)("To present a viable claim for denial of access to courts, however, an inmate must allege and prove prejudice arising from Defendants' actions.").   He may allege actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated or impeded.  *Id*. at 350, 353.  Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts."  *Id*. at 351 (*citing Bounds v. Smith*, 430 U.S. 817, 830 (1977)).  It follows that the inmate represented by counsel is not entitled to a law library.

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim."  *Lewis*, 518 at 354.  Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement."  *Id.* at 355.  Moreover, an inmate's inability to effectively litigate once in court does not fulfill the requirement of actual injury.  *Id.* at 354.

Plaintiff has not claimed that he suffered any actual prejudice arising from the alleged lack of a law library at the OCJ.  Therefore, he fails to state a constitutional claim for denial of access to the courts.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his consolidated Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete

and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] The Amended Complaint should (1) combine his two claims; (2) show he has exhausted administrative remedies for all claims alleged; (3) raise only properly joined claims and defendants; (4) allege sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (5) allege sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient consolidated Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **September 27, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's consolidated Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 27, 2021**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that no answer or motion addressed to the Complaint shall be filed unless and until the Court determines that this action survives screening and may proceed.

---

[2] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (21-3186-SAC) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

In that event, the Court will issue an order providing a new deadline for Defendants to respond to the Complaint.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 27th day of August, 2021.**

 

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**