IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTIAN M. GRUBER,

                           Plaintiff,

              v.                              CASE NO. 21-3186-SAC

CHRISTOPHER WECKER, et al.,

                           Defendants.

MEMORANDUM AND ORDER

I.  Nature of the Matter before the Court

     This matter began as two actions Plaintiff initially filed in
Osage County District Court. (Doc. 8, pp. 1-2.) Although Plaintiff
is now incarcerated at Lansing Correctional Facility, both cases
related to events that occurred while he was held in the Osage
County Jail (OCJ). *Id.* In his state case, Plaintiff named as
Defendants Christopher Wecker, Osage County Sheriff Chris Wells,
and OCJ Jail Administrator Gerry Nitcher, and the Defendants
removed the cases to this Court under 28 U.S.C. §§ 1441 and 1446.
*Id.*

     In one case, Plaintiff asserted that Defendants "show[ed]
deliberate indifference to [Plaintiff's] medical needs and health
and safety and [did] not follow[] doctors orders." (Doc. 1, p. 1.)
In the other, Plaintiff asserted that Defendants did not allow him
access to a law library and therefore he was "denied access to the

1

courts." Case No. 21-3187, Doc. 1, p. 2. As relief, Plaintiff sought to be "discharged from the unlawful portion of his imprisonment." (Doc. 8, p. 2.) On August 27, 2021, this Court consolidated the cases under case number 21-3186-SAC. (Doc. 7.)

## II. Initial Screening

Because Plaintiff was a prisoner when he filed his complaints, the Court was required by statute to screen the complaints and to dismiss them or any portion thereof that was frivolous, failed to state a claim on which relief may be granted, or sought relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

After screening the complaints, the Court issued a memorandum and order to show cause (MOSC) identifying certain deficiencies that led the Court to conclude that the complaints were subject to dismissal. (Doc. 8.) Specifically, the Court first pointed out that although the initial pleadings filed in state court were titled petitions for writ of habeas corpus and Plaintiff sought release from imprisonment, Plaintiff's claims were based on the conditions of confinement at OCJ and were therefore civil rights claims. *Id.* at 4.

Next, the Court explained that by failing to articulate what each defendant did to Plaintiff, when the defendant did it, how Plaintiff was harmed by the defendant's action or inaction, and what specific right Plaintiff believed the defendant had violated,

2

Plaintiff had failed to state an actionable claim of deliberate indifference to medical needs. *Id.* at 5 (citing *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The MOSC advised Plaintiff that "absent amendment of the Complaint to provide a sufficient factual basis to establish a viable claim of constitutional significance, Plaintiff's inadequate medical care claim is subject to being summarily dismissed." (Doc. 8, p. 5.)

Turning to Plaintiff's claim that he was denied access to the courts, the Court in the MOSC noted that "in order 'to present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions.'" *Id.* (citations omitted). After explaining the requirements for alleging such prejudice or injury, the MOSC concluded that because "Plaintiff has not claimed that he suffered any actual prejudice arising from the alleged lack of a law library at the OCJ," Plaintiff "fail[ed] to state a constitutional claim for denial of access to the courts." *Id.* at 5-6. In the MOSC, the Court granted Plaintiff the opportunity to show cause why his complaints should not be dismissed or, in the alternative, to file a complete and proper amended complaint that combines his claims and cures the deficiencies the MOSC identified. *Id.* at 6-7.

**III. Amended Complaint**

On October 5, 2021, Plaintiff filed a response to the MOSC (Doc. 9) and also filed his amended complaint (Doc. 10). As Plaintiff was informed in the MOSC, the amended complaint is not an addendum to the initial complaint—it completely replaces it. (Doc. 8, p. 7. n.2.) "[T]he amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint[s]." *Id.* Thus, the Court now screens the amended complaint based only on the allegations therein and does not refer back to the initial complaint or to additional information contained in Plaintiff's response to the MOSC.

Unfortunately, the amended complaint does not cure the deficiencies the MOSC identified in the initial complaints and it contains at least one additional deficiency as well: the identity of the defendants to the amended complaint is unclear. In the caption, Plaintiff lists Wecker as the only defendant. (Doc. 10, p. 1.) In the portion of the amended complaint for identifying individual defendants, however, Plaintiff names Wecker and Nitcher. *Id.* at 1-2.

Plaintiff reasserts the two claims from the original complaints in the amended complaint, but as before, Plaintiff has failed to allege sufficient facts to state a viable claim for relief. With respect to his claim of deliberate indifference to

medical needs, Plaintiff asserts only that "[j]ail administration had repeatedly refused to admit the plaintiff to the hospital against Dr. Mitts of Ottawa KS orders, showing a deliberate indifference to my health." (Doc. 10, p. 4.) As the MOSC explained in relation to the initial complaint, this is insufficient. The amended complaint does not explain why Plaintiff wished to be in the hospital, when or why Dr. Mitts recommended he be admitted, which defendant refused to admit him to the hospital, when the refusal occurred, or how the refusal harmed Plaintiff. Thus, Plaintiff has again filed to state an actionable claim of deliberate indifference to his medical needs.

Regarding Plaintiff's claim of being denied access to the courts, Plaintiff has not sufficiently alleged prejudice or injury, as the MOSC explained is necessary. The amended complaint alleges that Plaintiff "was trying to utilize the law library for research pertaining to [his] other 42 U.S.C. 1983 action" when Defendant Nitcher refused to allow him access to a law library and that his appointed criminal defense attorney would not help him because a 1983 action is a civil case. (Doc. 10, pp. 2-3.) The allegation that he was unable to "research" is too vague to present a plausible allegation of prejudice. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (finding allegation that plaintiff "was unable to research and prepare initial pleading" regarding

specified claims was "too conclusory to present a plausible claim" of prejudice resulting from denial of access to courts).

The Court is aware of *Gruber v. Wells*, Case No. 21-3043-SAC, a 42 U.S.C. § 1983 action recently dismissed by this Court. That matter, however, was dismissed for failure to state a claim upon which relief could be granted, not for any reason obviously related to Plaintiff's lack of access to a law library. Plaintiff does not allege that he missed a filing deadline in that case, nor does he explain how an inability to research frustrated or impeded a nonfrivolous legal claim in that action. See *Lewis v. Casey*, 518 U.S. 343, 354 (1996)(explaining, as also discussed in the MOSC, how to show the required injury for a claim of denial of access to the courts). Accordingly, the amended complaint—like the initial complaint—does not sufficiently allege an actual injury as needed for a viable claim of unconstitutional denial of access to the courts.

## IV. Conclusion

For all of these reasons, the amended complaint does not cure the deficiencies in the initial complaints, deficiencies the Court in the MOSC concluded rendered this matter subject to dismissal in its entirety. Accordingly, the Court will dismiss this matter for failure to state a claim upon which relief can be granted.

The Court further finds that this dismissal should count as a strike under the Prison Litigation Reform Act (PLRA). Section 1915(g) of the PLRA provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

When the Court dismissed Case No. 21-3043-SAC, it assessed one strike against Plaintiff. The dismissal of this matter constitutes a second strike. Thus, if Plaintiff accumulates one more strike, he will be unable to proceed in forma pauperis in future civil actions before federal courts unless he is under imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

DATED:  This 7th day of January, 2022, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge